<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4276**

———————————

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 versus

ROGER TODD BOUCHARD,

 Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00224)

———————————

Submitted:  May 4, 2007                Decided:  May 31, 2007

———————————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Corey F. Ellis, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Todd Bouchard appeals his convictions and sentence following a guilty plea to possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000). Bouchard's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising as potential issues whether the district court complied with Fed. R. Crim. P. 11 and whether trial counsel was ineffective. Bouchard filed a pro se supplemental brief. Finding no reversible error, we affirm.

First, counsel raises the issue of whether the district court fully complied with Rule 11, but identifies no error in the Rule 11 proceeding. After a thorough review of the record, we find the district court fully complied with the requirements of Rule 11.

Both Bouchard and his present counsel question whether trial counsel provided ineffective assistance. Because the record does not conclusively establish ineffective assistance of counsel, we find the claim is not cognizable on direct appeal. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991) (holding that claims of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it

- 2 -

conclusively appears from the face of the record that counsel was ineffective).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Bouchard's convictions and sentence.  This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>